**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

**TERESA TAVARE**
**on behalf of himself or herself and**
**all other similarly situated consumers**

        **Plaintiff,**

**-against-**


**PORTFOLIO RECOVERY ASSOCIATES, LLC**

        **Defendant.**
_____


## CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED


1. Plaintiff TERESA TAVARE seeks redress for the illegal practices of  PORTFOLIO

RECOVERYASSOCIATES, LLC concerning the collection of debts, in violation of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

Parties.


2. Plaintiff is a citizen of the State of New York who resides within this District.


3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the

Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in Norfolk, VA.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993)

10. In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir.1993)

## **Jurisdiction and Venue**

11. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## **Nature Of The Action**

13. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, et seq.

14. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

15. Plaintiff is seeking damages, and declaratory and injunctive relief.

## Violations Of The Fair Debt Collection Practices Act
## Allegations Particular to Plaintiff

16. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

17. On or about May 23, 2017, Defendant sent Plaintiff a collection letter attached as *Exhibit A*, which was an initial communication sent by the Defendant, and received by the Plaintiff, seeking to collect a balance allegedly incurred for personal purposes.

## First Count
## Violation of 15 U.S.C. § 1692g

18. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

19. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice; herein after referred to as the "Notice." The Notice provides

information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5) as follows:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the

consumer with the name and address of the original creditor,

if different from the current creditor.

20. This Notice is an important statutory right which must be effectively and clearly conveyed to the consumer.

21. The Notice must be sufficiently prominent to be readily noticed. It cannot be overshadowed by its placement, nor by other language or notices in the letter.

22. The Notice in said letter is inconspicuously placed on same, mixed in with various other federal and state law notices, some of which are in bold letters.

23. Said letter attached as Exhibit A fails to contain the 1692(g) notice in the letter.

## Second Count
## Violation of 15 U.S.C. § 1692g(a)(3)
## Suggesting a Dispute Must be Made in Writing

24. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

25. U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer,

within thirty days after receipt of the notice, disputes the validity of the debt, or any portion

thereof, the debt will be assumed to be valid by the debt collector.

26.    There is no requirement that the consumer dispute the debt in writing.

27.    It is a violation of FDCPA to require disputes be made in writing.

28.    It is a violation of the FDCPA to include language in the Letter that overshadows

the required 15 U.S.C. § 1692g(3) statement.

29.    It is a violation of the FDCPA to include language in the Letter that contradicts

the required 15 U.S.C. § 1692g(3) statement.

30. It is a violation of the FDCPA to include language in the Letter that, when examined

from the perspective of the least sophisticated consumer, overshadows the required §1692g(a)(3)

statement.


31. It is a violation of the FDCPA to include language in the Letter that, when examined

from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3)

statement.


32. It is a violation of the FDCPA to include language in the Letter that, when examined

from the perspective of the least sophisticated consumer, leads the least sophisticated consumer

to believe that her dispute must be in writing.

33.    Defendant's communication provides, on the front thereof, in bold type-face as follows:

**DISPUTES CORRESPONDENCE ADDRESS:**
Portfolio Recovery Associates, LLC,
Disputes Department 140 Corporate Blvd., Norfolk, VA
23502 or Email PRA_Disputes@portfoliorecovery.com

34. Disputes need not be in writing. Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282 (2d Cir. 2013). Disputes may be made orally.

35. When confronted with the Defendant's Letter which states, **Contact Us** "Call Arndell D. Gaines TOLL FREE at 1-800-772-1413, to discuss your account with us.", it is reasonable for the least sophisticated consumer to believe that the only availability of the toll free number, would be to discuss payment arrangement. That is inaccurate since the debtor can also call to orally dispute the debt.

36. The language concerning written disputes overshadows the required 15 U.S.C. § 1692g(3) statement.

37. The language concerning written disputes contradicts the required 15 U.S.C. § 1692g(3) statement.

38. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

39. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

40. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

41. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section. See: Vetrano v. CBE Grp., Inc., 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

## **Third Count Violation of 15 U.S.C. § 1692e & 15 U.S.C. § 1692g, et seq False and Misleading Representations**

42. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

45. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

46. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate. Said language can be reasonably read to have two or more different meanings, one of which is inaccurate. Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. 2016); Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under §1692e(10) of the Act.)

47.     The question of whether a collection Letter is deceptive is determined from the perspective of the "least sophisticated consumer."

48.     Because the collection Letter in the instant case was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing, it is deceptive within the meaning of the FDCPA.

49. When confronted with the Defendant's Letter which stated, **Contact Us** "Call Arndell D. Gaines TOLL FREE at 1-800-772-1413, to discuss your account with us.", it is reasonable for the least sophisticated consumer to believe that the only reason to call that toll free number would be to discuss payment arrangement. That is inaccurate since the debtor can also call to orally dispute the debt.

50. When confronted with Defendant's Letter which states, "**DISPUTES CORRESPONDENCE ADDRESS:** Portfolio Recovery Associates, LLC, Disputes Department 140 Corporate Blvd., Norfolk, VA 23502 or Email PRA_Disputes@portfoliorecovery.com" it would be reasonable for the least sophisticated consumer to understand that statement to mean that in order to dispute the debt you must send them a written dispute. That would be inaccurate since they can dispute the debt verbally.

51. The least sophisticated consumer would likely be deceived by Defendants' conduct.

52. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

53. The least sophisticated consumer would be unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

54. Defendants' conduct violated 15 U.S.C. §1692e.There is no requirement that the consumer dispute the debt in writing.

55. A collection notice that requires the consumer to dispute the debt in writing is violative of the FDCPA.

56. Defendant's requirement that all disputes must be addressed to Defendant's in writing is in violation of the FDCPA.

57. Defendant's requirement that all communications concerning disputed debts must be mailed to or emailed to Defendant is a violation of the FDCPA.

58. Because the Letter, for the reasons described above, could be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, such violates 15 U.S.C. § 1692e.


### Fourth Count
### Violation of 15 U.S.C. § 1692e(5) and 1692e(10) Avila v. Riexinger Associates

59. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

60. Defendants Letter states: **Current Balance Due:** $731.00.  The words Current Balance Due, indicate to the "least sophisticated consumer" that said balance is increasing.

61. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

62. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

63. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

64. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether other charges, late fees and/or other charges are accruing.

65. Upon information and belief, other charges, late fees and/or other charges are accruing on the alleged debt.

66. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

67. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

68. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or late fees that may cause the balance to increase at any time in the future.

69. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

70. The Letter failed to inform Plaintiff as to which amount listed is the actual amount of the debt due.

71. The Letter failed to inform Plaintiff whether the amount listed already includes "late fees."

72. The Letter failed to inform Plaintiff whether the amount listed already includes "other charges."

73. The Letter failed to advise Plaintiff what portion of the amount listed is principal.

74. The Letter failed to inform Plaintiff whether the amount listed will increase.

75. The Letter failed to inform Plaintiff what "other charges" might apply.

76. The Letter failed to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

77. The Letter failed to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

78. The Letter failed to inform Plaintiff of the nature of the "other charges."

79. The Letter failed to inform Plaintiff if there are "other charges," what the amount of the accrued late fees will be.

80. The Letter failed to inform Plaintiff if there are "other charges," when such late fees will be applied.

81. The Letter failed to inform Plaintiff if there are "other charges," what the late fees rate is.

82. The Letter failed to inform Plaintiff if there are "other charges," the amount of money the amount listed will increase per day.

83. The Letter failed to inform Plaintiff if there are "other charges," the amount of money the amount listed will increase per week.

84. The Letter failed to inform Plaintiff if there are "other charges," the amount of money the amount listed will increase per month.

85. The Letter failed to inform Plaintiff if there are "other charges," the amount of money the amount listed will increase per any measurable period.

86. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

87. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

88. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the Letter.

89. If late fees are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable late fees rate.

90. If late fees are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued late fees will be.

91. If late fees are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such late fees will be applied.

92. If late fees are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period, or interest rate.

93. 15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance and to disclose whether the balance may increase due to interest and fees. Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

94. Defendant's collection letter violated 15 U.S.C. § 1692g by failing to include the safe harbor language set out in Avila, 817 F.3d at 76. 38. An unsophisticated consumer would be left uncertain by the said letter as to whether the account was accruing interest and/or fees or not.

95. Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794 (2 Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. §5001(a))).

96. Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

97. "In New York, a breach of contract cause of action accrues at the time of the breach." Ely Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501(1993) (citations omitted).

98. "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." Kasperek v. City Wire Works, Inc., No. 03

99. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other charges"[1].

100. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

101. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

---

[1] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.") consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

102. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt in the future.

103. The failure to include the foregoing information could lead the least sophisticated consumer to inaccurately interpret the message.

104. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, incomplete.

105. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, insufficient.

106. The Letter fails to indicate the applicable interest rate.

107. For instance, the Letter fails to indicate the date of accrual of interest.

108. For instance, the Letter fails to indicate the amount of interest during any measurable period.

109. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

110. The Letter fails to indicate the amount of late fees.

111. The Letter fails to indicate the date such fees will be added.

112. The Letter fails to indicate the amount of late fees during any measurable period.

113. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

114. The Letter fails to state what part of the amount stated is attributable to principal.

115. The Letter fails to state what part of the amount stated is attributable to interest.

116. The Letter fails to state what part of the amount stated is attributable to late fees.

117. The Letter fails to state what part of the amount stated is attributable to other charges.

118. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

119. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

120. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

121. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

122. The Defendant's failures are purposeful.

123. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges" might apply.

124. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges" will be applied.

125. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

126. The Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

127. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

128. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

129. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

130. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

131. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

132. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

133.  A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

134.  The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

135.  The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that interest and late fees and other charges were still accruing.

136.  The Letter could also reasonably be read by the least sophisticated consumer to

mean that interest was no longer accruing.

137. The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

138. The Letter could also reasonably be read by the least sophisticated consumer to mean that other charges were no longer accruing.

139. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

140. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

141. The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

142. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

143. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and

participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

144. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

145. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

146.  Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.  See Islam v. Am. Recovery Serv. Inc., No. 17-CV-4228 (BMC), 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017).

147.  For these reasons, Defendant violated 15 U.S.C. § 1692e.

148.  Plaintiff hereby demands a trial of this action by jury.

149. Defendant's letter is therefore in violation of 15 U.S.C. §§ 1692, 1692e, 1692e(5) and 1692e(10).

150. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

151. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

152. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

153. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

154. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

155. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

156. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, and therefore, these materially misleading statements trigger liability under section 1692e of the Act.

157. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

158. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute

embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

159. These deceptive communications additionally violated the FDCPA since they frustrate the ability of the consumer to intelligently choose his or her response. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including concrete and particular harm, informational injury, has been misled and suffered a loss of opportunity to exercise statutory rights, and appreciable risk of harm, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Upon information and belief, the actions of the defendant negatively affected her credit rating and her ability to obtain credit. Plaintiff and putative class members have suffered these injuries or risk of harm and are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.

A. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

B. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

C. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

D. This cause of action is brought on behalf of Plaintiff and the members of a class.

E. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692e(11).

F. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

1. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

2. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

3. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

4. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

5. The Plaintiff will fairly and adequately represent the class members' interest charges. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interest charges are consistent with those of the members of the class.

G. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest charges of judicial economy.

H. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

I. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

J. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

K. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

Dated: Nassau, New York
       May 5, 2018

                                        /s/ Jacob Silver
                                        _____
                                        Jacob Silver
                                        Attorney At Law
                                        237 Club Dr.
                                        Woodmere, NY 11598
                                        (718) 855-3835
                                        (718) 534-0057 – Fax
                                        silverbankruptcy@gmail.com
m